COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Senior Judges Cole and Duff

PERDUE FARMS, INC.

v.   Record No. 1330-95-3                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
SUSAN B. MCDANIEL                            NOVEMBER 21, 1995

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Thomas G. Bell; Timberlake, Smith, Thomas
& Moses, on brief), for appellant.

(Thomas W. Dixon, Jr.; Nelson, McPherson,
Summers & Santos, on brief), for appellee.


Perdue Farms, Inc. contends that the Workers' Compensation Commission erred in finding that Susan B. McDaniel's ("claimant") nerve impingement and fibromyositis qualify as compensable occupational diseases within the meaning of "disease" under the Workers' Compensation Act ("the Act").  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

The facts are not in dispute.  Since 1974 claimant worked for employer in a variety of jobs on the turkey production line.  All of these jobs involved repetitive hand and arm movements.  In June 1992, she began to experience numbness and tingling in her hands and she felt a knot in her left shoulder.  In November 1992, she sought medical treatment from Dr. R.L. Schubert.  Dr.

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

Schubert diagnosed carpal tunnel syndrome. In February 1993, claimant began treatment with Dr. David S. Klein upon a referral from Dr. Schubert. Dr. Klein initially diagnosed carpal tunnel syndrome. However, in October 1994, Dr. Klein ruled out carpal tunnel syndrome on the basis of certain tests. He then diagnosed unspecified nerve impingement and fibromyositis resulting from repetitive motion at work. Although Dr. Klein could not identify the exact location of the claimant's nerve impingement, he stated that it fell somewhere between claimant's spinal cord and her fingertips.

Relying upon Dr. Klein's opinions, the commission found that claimant's nerve impingement and fibromyositis constituted "diseases" caused by her employment.[1]

In Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993), we defined "disease" as

> any deviation from or interruption of the normal structure or function of any part, organ, or system (or combination thereof) of the body that is manifested by a characteristic set of symptoms and signs and whose etiology, pathology, and prognosis may be known or unknown.

"[T]he definition enunciated in Piedmont [has been recognized by this Court] as the general and accepted meaning of the term 'disease,' a term which is presumed to be known by the

---

[1]The commission found that claimant proved that a causal connection existed between her diseases and her employment. Employer did not appeal this finding. Therefore, it is the law of the case.

2

legislature and is employed by it without restriction in Code §§ 65.2-400 and 65.2-401." Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 68, 461 S.E.2d 431, 435 (1995).

Dr. Klein described "nerve impingement" as "a disease process somewhere along the 36 or so inches from the tip of the fingertip to the spinal cord." Fibromyositis is defined as "inflammation of the fibromuscular tissue." Dorland's Illustrated Medical Dictionary 501 (26th ed. 1985). Using these general medical definitions of nerve impingement and fibromyositis, as we did for carpal tunnel syndrome in Perdue, we find that they place claimant's conditions within the definition of disease set forth in Piedmont and approved of in Perdue.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). This Court must uphold the commission's factual findings if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

As in Perdue, claimant's conditions did not present as obvious, sudden, mechanical or structural changes in her body. Rather, credible evidence supports the commission's finding that claimant's nerve impingement and fibromyositis are conditions characterized as "diseases" within the meaning of the Act.

Accordingly, we affirm the commission's decision.

Affirmed.

3